LANDRY
*vs.*
GAMET.

LANDRY *vs.* GAMET.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, THE JUDGE
THEREOF PRESIDING.

The record and judgment of a suit against the plaintiff by a mortgage
creditor, under which a tract of land, sold by the former to the defendant,
was seized and sold, is admissible in evidence in an action for the price,
under the plea of eviction.

This is an action to recover the price of a tract of land,
sold by the plaintiff to the defendant, and to settle and
liquidate a partnership account between the parties.

The defendant, among other pleas, alleged in his defence,
that he had been evicted by a seizure and sale of the land he
purchased from the plaintiff, under an execution of a mortgage
creditor of the latter, and offered in evidence the record of
the proceedings, in which the judgment was obtained under
which he was evicted. It was objected to, and the court
rejected it on the ground that it was inadmissible. A bill of
exceptions was taken.

As the whole case turns on the rejection of the defendant's
evidence, under the first branch of the defence, it is unneces-
sary to state more of the case than what is contained in the
opinion of the court.

The plaintiff had judgment in the court below, from which
the defendant appealed.

*Edwards* and *Davis,* for the plaintiff, contended:

1. That the record and judgment of the Probate Court
against the plaintiff, offered in evidence by the defendant,
was properly rejected.

2. It was inadmissible, because it went to establish facts
not alleged in the pleadings.

3. Because, if received, it would be in direct contradiction
to the pleadings.

EASTERN DIST.
March, 1836.

LANDRY
vs.
GAMET.

4. It was not the proper legal evidence to establish the facts sought to be proved. The defendant alleged in his answer, that the plaintiff was *tutor* of Brasset, who obtained the judgment against him which is offered in evidence. The fact is, the plaintiff was curator *ad bona*. To admit the evidence, would be allowing the party to allege one capacity and prove another.

*Labauve* and *Stacy*, for the defendant, urged:

1. That the record of the proceedings in the Probate Court against the plaintiff, was admissible in evidence, and should have been received, as showing that judgment had been obtained against him as curator *ad bona*, for one thousand five hundred dollars, decreeing a mortgage upon the very land he sold to the defendant, the price of which is claimed in the petition, and that the defendant was evicted by the seizure and sale of the land by the sheriff, under this judgment.

2. This evidence having been rejected, the cause should, on this ground, be remanded for a new trial, and the document admitted in proof of the defendant's allegation of eviction.

*Mathews, J.,* delivered the opinion of the court.

In this case, certain sums of money and interest thereon are claimed by the plaintiff on various contracts of sale of property, entered into between him and the defendant. Judgment was rendered in the court below in favor of the former, for the sum of six thousand two hundred and fifty dollars, with interest, &c.; from which the latter appealed.

This action is complicated, in consequence of the different characters in which the plaintiff sues, and the double capacity in which the defendant is sued, and is much confused by complexity consequent on the variety of contracts involved in its investigation.

The suit is brought by the plaintiff in his own right, and as tutor to his minor children now living, and as heir to one of them deceased ; and the defendant is sued personally and

as tutor to his minor children. These capacities do not appear to have been contested in the court below, and, consequently need not be here examined. The complexity of the action, and we may add its perplexity, will be best shown by stating the various contracts on which it is founded. In 1829, the plaintiff sold to the defendant one undivided half of a tract of land, fronting on the Mississippi, of five arpents front, with the ordinary depth, for the price of three thousand five hundred dollars, payable by instalments, with interest, &c. Soon after this sale, the parties entered into a partnership for the purpose of cultivating the whole tract of five arpents front, with the ordinary depth of forty, as a sugar plantation. On the 10th of February, 1830, this partnership was dissolved, by mutual consent of the parties, and the property of the concern ordered to be sold, for the purpose of liquidating and settling its accounts. A sale, at auction, took place, in pursuance of the agreement, and the defendant became the purchaser of the whole tract, for the sum and price of nine thousand dollars, one half of which, together with the three thousand five hundred dollars, is claimed in the present suit.

These claims are opposed by the defendant, in his answer, on several grounds. 1st. That he was evicted, in due course of law, from the land sold him by the plaintiff, in consequence of a legal or tacit mortgage with which the property was encumbered, by acts of the plaintiff, before the sales as above stated. 2d. That, as the last sale was made expressly to enable the partners to liquidate and settle the accounts of the partnership, no recovery can be had against him on that account until such liquidation shall take place, and offers to have it made in the present suit, by a plea, in the nature of a reconvention.

In support of the first means of defence, the defendant offered in evidence the record of proceedings in the Court of Probates, by which it appears that one Alexis Brasset recovered a judgment for one thousand five hundred dollars against the plaintiff, which was executed by seizing and selling the tract of land of five arpents front, &c., in the

EASTERN DIST.
*March*, 1836.

LANDRY
*vs.*
GAMET.

possession of the defendant, to whom it was adjudicated by the sheriff, at the price of one thousand six hundred dollars. The tract appears to be the same previously bought by Gamet at the sale of the partnership property.   This document of evidence was rejected by the court below, and a bill of exceptions taken to its opinion, &c.    The judge *a quo* gives no reason for its rejection, except that it was inadmissible.    Now, we cannot imagine reasons against its admissibility.    It is true it may not, when examined, amount to a legal eviction of the defendant; but it certainly proves that there was a judgment against the plaintiff; that the land previously sold by him to the defendant was seized and sold; and that the latter became the purchaser, at sheriff's sale, for the sum of one thousand six hundred dollars, which it seems, by a receipt found on the record, he has since paid to Alexis Brasset.    The document offered was certainly competent and admissible evidence to prove *res ipsas*.    What effect it may legally have on the claims and rights of the parties to this suit, will be a proper subject of inquiry after it shall have been received in evidence.    We think the judge below erred in rejecting it. There is another bill of exceptions to the opinion of the judge *a quo*, by which he refused to allow the defendant to file an amendment to his answer, on the ground that it was offered too late.    Perhaps it was not offered in proper time; but on this matter we forbear to give any opinion, as the pleadings, without this amendment, were sufficient to authorise the admission of the record of the proceedings had in the Court of Probates, in which Alexis Brasset was plaintiff against Auguste Landry, the present plaintiff.    In consequence of the rejection of this testimony, the cause must be remanded for a new trial; and on the next trial, it appears to us, the whole matters in dispute between the parties may be settled, both in relation to the claim founded on the first contract of sale, and that for the liquidation of the partnership, as urged by the defendant in his answer.

*The record and judgment of a suit against the mortgage creditor, under which a tract of land, sold by the former to the defendant, was seized and sold, is admissible in evidence in an action for the price, under the plea of eviction.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided, reversed and

EASTERN DIST.
March, 1836.

annulled, and that the cause be sent back to said court, to be tried *de novo*, with instructions to the judge not to reject the record of the suit in the Court of Probates of Alexis Brasset *vs.* Auguste Landry, offered in evidence by the defendant; and it is further ordered, that the appellee pay the costs of this appeal.